LYNCH *v.* THE STATE.

LYNCH
• v.
THE STATE.

In criminal causes, counsel have the same right to argue a question of law to the jury, as they have to argue questions upon the facts.

The Court cannot prohibit argument in a criminal cause; but it may regulate the argument of causes by reasonable rules and limitations.

| 9 | 541 |
| 171 | 88 |

The jury, in such cases, are to judge of the constitution as well as any other law of the land.

*Semble,* that the Court instructs the jury in criminal cases, not to bind their consciences, but to inform their judgments; and that the jury are not in duty bound to adopt the judge's opinion as their own.

*Stocking* v. *The State* (7 Ind. R. 326) affirmed, and *Carter* v. *The State* (2 Ind. R. 617) doubted, on this point.

APPEAL from the *Tippecanoe* Court of Common Pleas. *Thursday,*
*December 3.*
PERKINS, J.—Information charging the defendant with retailing. Conviction and fine.

On the trial, the Court refused to permit counsel to argue the question of law to the jury, on the ground that the Court was the sole judge of that. A question as to the constitutionality of a statute was raised.

By the constitution, the jury, in criminal cases, are the judges of the law and the facts. In such cases, therefore, counsel have the same right to argue the question of law, as they have to argue questions upon the facts. And if it would be error to prohibit counsel to argue a case at all, it was error in the Court below to refuse to permit counsel to argue the legal branch of this case. We think prohibition would be error. We think a defendant in a criminal prosecution has a right to be heard in his cause in Court, by himself or counsel. Const. art. 1, s. 13.

But the Court has a right to regulate, by reasonable rules and limitations, the argument of causes. This is a necessary discretion to be possessed by a Court, to prevent abuse. Hence this Court decided, in *Murphy* v. *The State,* 6 Ind. R. 490, that a Court was not bound to permit counsel to read law-books, other than the statute creating the offense prosecuted, in their argument, though, in its discretion, it might do so, and usually would, to a reasonable extent. But this is a different question from that

Nov. Term,
1857.

Lynch
v.
The State.

of forbidding them to argue questions of law at all. This the Court, in a criminal case, cannot do, though it may regulate the argument. And in doing so, much must be trusted to discretion.

In *Calender's Case*, Whart. State Trials, 710, Judge Chase refused to permit counsel to argue the constitutionality of the alien and sedition laws. Mr. Wirt was proceeding to so argue, on the general proposition that the jury were the judges of the law. Judge Chase admitted the general proposition. Mr. Wirt said, that as the constitution is a part of the law of the land, and the jury judge the law, they can judge of the constitution. Judge Chase said that was a *non sequitur*. We think it was a *sequitur*.

After the argument is closed, the Court charges the jury, stating "to them all matters of law which are necessary for their information in giving their verdict," &c. 2 R. S. pp. 375, 376, ss. 103 and 113.

Taking the constitution and statute together, it would seem that the Court instructs juries in criminal cases, not to bind their consciences, but to inform their judgments; and while great deference would naturally be paid by the jury to the opinion of the judge, or judges, still it cannot be said that they are in duty bound to adopt it as their own. We think a correct instruction on this point was given in *Stocking* v. *The State*, 7 Ind. R. 326. We doubt whether the instruction in *Carter* v. *The State*, 2 Ind. R. 617, can be sustained. See Erskine's great argument in support of the rights of juries, on the trial of the dean of *St. Asaph* for a libel. Erskine's Speeches, vol. 1, p. 152.— Camp. Lives of the Ld. Chancellors, vol. 5, p. 280.—Vol. 6 *id.* p. 388.—Lives of the Ld. Ch. Justices, vol. 2, p. 410.

*Per Curiam.*—The judgment is reversed. Cause remanded to be dismissed.

*E. H. Brackett* and *J. O'Brian*, for the appellees.

*D. P. Vinton* and *J. L. Miller*, for the state.