The counsel for appellant, in their brief, make two points for the reversal of the judgment: 1. The refusal of the Court to admit the record of a deed to be given in evidence; and, 2. The refusal of the Court to give a certain instruction asked.

The ground of the objection to the proffered evidence does not appear in the record, nor are we in any manner informed on what ground it was rejected; hence we must presume, in favor of the ruling, that it was properly rejected.

As to the instruction asked, the evidence not being in the record, we must presume it was refused because not applicable to the case made by the evidence, if abstractly correct.

The judgment is affirmed, with costs.

*James A. Crawley* and *Matson & Scott*, for the appellant.
*Williamson* and *Daggy*, for the appellee.

May Term,
**1861.**

MᶜCʀᴀʏ
v.
Sᴛᴇᴡᴀʀᴛ.

---

### McCʀᴀʏ v. Sᴛᴇᴡᴀʀᴛ and Another.

The affidavits of jurors themselves are not admissible to impeach their verdict, and *a fortiori*, an affidavit of a stranger as to the statements of jurors, when not under oath, ought not to be received.

APPEAL from the *Union* Circuit Court.

Woʀᴅᴇɴ, J.—Suit by the appellees against the appellant, to recover an account for lumber. Trial; verdict and judgment for the plaintiff. The defendant moved for a new trial, on the ground that the verdict was contrary to the law, and not sustained by the evidence; and because of the misconduct of the jury. The evidence is not before us; and there is, therefore, no question presented as to its sufficiency.

In support of the alleged misconduct of the jury, the defendant filed the affidavits of two third persons, detailing conversations had, after the trial, between one of the jurors and the affiants, in reference to the juror's views of some of the evidence, and the costs in the case. Without stopping to inquire whether the affidavits had any tendency

*Tuesday,*
*June 11.*

to show misconduct in the jury, we decide the cause upon the ground that the affidavits were wholly inadmissible to impeach the verdict. The affidavits of jurors themselves are not admitted to impeach their verdict; and, *a fortiori*, an affidavit of a stranger, of their statements on the subject when not under oath, ought not to be received. *Drummond* v. *Leslie*, 5 Blackf. 453.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*N. Trusler* and *J. F. Gardner*, for the appellant.

*John Yaryan*, for the appellees.

---

## Cox v. Davis.

Where the assignor of an account is made a defendant to answer as to his interest, and appears and confesses the assignment, his interest is not adverse to that of the plaintiff, and he is not a competent witness for the plaintiff to prove the claim.

Suit on an assigned account, begun before a justice of the peace, and appealed to the Circuit Court. After the assignor had answered, confessing the assignment, the plaintiff dismissed the suit as to him; and thereupon, on motion of the debtor, the case was dismissed as to him also.

*Held*, that when the assignor went out of Court, by the dismissal of the cause as to him, his answer went with him; and there being then a defect of parties, the action of the Court in dismissing the cause was not erroneous.

APPEAL from the *Delaware* Circuit Court.

WORDEN, J.—*Cox* sued *Davis* and *Sample*, before a justice of the peace, on an account alleged to be due from *Davis* to *Sample*, and by *Sample* assigned to the plaintiff.

The cause was appealed to the Circuit Court, where *Sample* filed an answer, admitting the assignment of the account by him to the plaintiff.

A jury being sworn to try the cause, the plaintiff offered *Sample* as a witness to prove the claim which was the foundation of the action, but objection being made, the testimony was excluded.