## WITHERS ET AL. *v.* FISCUS.

VERDICT.—*Impeachment of.*—*Affidavit of Juror.*—The affidavits of jurors showing that they agreed upon a basis upon which the calculation of the amount to be recovered should be made, and that there was a mistake in making the calculation, cannot be received on a motion for a new trial.

APPEAL from the Decatur Common Pleas.

DOWNEY, J.—There is a single question involved in this case. On the hearing of the motion for a new trial, the appellants offered affidavits of the jurors who tried the cause, to show that in the jury room they agreed upon a certain amount as the basis of their verdict, upon which interest, for a designated time, was to be counted and added to the agreed sum, and the two amounts together were to constitute the amount of their verdict; that one of their number was directed to make the calculation of the interest, and that by mistake he made the amount of the interest larger than it should have been, which was not discovered until after the verdict was returned into court and the jury discharged. The court refused to receive these affidavits as evidence to set aside the verdict of the jury. If this ruling was correct, the judgment should be affirmed. If not, it should be reversed.

It was proposed to prove two facts; first, that the jury agreed upon the basis upon which the calculation was to be made; and, second, that there was a mistake in making the calculation.

It is a general rule in this State, so far as the decisions of this court have gone, that the affidavits of members of the jury trying a cause will not be received to impeach or set aside their verdict. The rule in England was different, down to the time of Lord MANSFIELD, as we conclude from the examination which we have made of the authorities. But in *Vaise* v. *Delaval,* 1 T. R. 11, it was held by him, that affidavits of jurors, offered to show that the jury "tossed up," in order to determine how they should find, were inadmissible.

In *Jackson* v. *Williamson*, 2 T. R. 281, when the affidavit of all the jurors was offered, to show that they had made a mistake in the amount of their verdict, the court refused the application, saying that "it would introduce a very dangerous practice if they were to admit such an affidavit as the one offered. They said that they laid no stress upon its being made by all the jury; if it could be made by all, upon the same principle it might as well be made by some. If any doubt had arisen as to the meaning of the jury, if they had found a sum inadequate to the value proved, the proper time for requiring an explanation was at the trial. It was too late now; such a practice would be productive of infinite mischief; and it was better that the present plaintiff should suffer an inconvenience, than that such a rule should be introduced."

In the United States it seems to be settled, notwithstanding a few adjudications to the contrary, in every state, except, perhaps, Tennessee, that such affidavits cannot be received. Graham & Waterman New Trials, 1429.

In Connecticut it is adopted as a universal rule, that when it is sought to set aside a verdict for the mistake or misconduct of the jurors, those jurors are not competent witnesses to prove such mistake or misconduct. *Meade* v. *Smith*, 16 Conn. 346, and cases cited.

We need not decide that we would not in any case receive the affidavit of a juror to show a mistake in signing or returning the verdict; but we think the rule which has been so often recognized and applied in this State should be applied in this case. We hold, therefore, that the court committed no error in refusing to receive the affidavits.

The judgment is affirmed, with costs.

*J. Gavin* and *J. D. Miller*, for appellants.

*W. Cumback, S. A. Bonner, C. Ewing*, and *J. K. Ewing*, for appellee.