McDONALD v. THE STATE.

CRIMINAL LAW.—*Common Law.— Jury.—Instructions.*—At common law the jury in a criminal cause were the exclusive judges of the evidence but were bound to accept, as correct, the law laid down by the court in its instructions.

SAME.—*The Jury Exclusive Judges of Law and Evidence.—Province of the Court Merely Advisory.*—In this State, under the present constitution, the jury in a criminal cause are the exclusive judges of both the law and the evidence, the duty of the court, in giving them instructions, being merely advisory.

SAME.—On the trial of a criminal cause the court instructed the jury, that, "If the court instruct the jury truly and fully as to the law, the jurors must be governed by the instructions. If the court does not do this, the jury may disregard the instructions."

*Held*, that the instruction was erroneous.

From the Fountain Circuit Court.

*M. M. Milford, W. A. Tipton* and *S. F. Wood*, for appellant.

*T. W. Woollen*, Attorney General, *T. L. Stilwell*, Prosecuting Attorney, and *H. H. Dochterman*, for the State.

NIBLACK, J.—The appellant, Matthias McDonald, was indicted in the court below, jointly with one Frank Gallimore, for the murder of William E. Woollen.

The allegations in the indictment constituted a charge of murder in the first degree.

The cause was submitted to a jury for trial, on a plea of not guilty, and a verdict returned finding the appellant guilty of manslaughter, and fixing his punishment at imprisonment in the state-prison for the term of six years.

After considering and overruling a motion for a new trial, the court rendered a judgment of conviction upon the verdict.

It was shown upon the trial, that there was an assemblage of persons at the time and place at which the alleged murder was committed; that, a short time before the fatal blow was struck, there was a collision between the appellant and the deceased; that, immediately thereafter, Gallimore and the deceased engaged in a fight, and that during such fight the deceased was stabbed to death by Gallimore.

The principal question upon the trial was whether the appellant had aided and abetted Gallimore in such a way as to make him guilty, as a principal, with Gallimore.

The court instructed the jury at great length, upon the various questions of law which arose in, and which were discussed during, the progress of the cause.

By proper assignments as causes for a new trial, questions were reserved, amongst other things, upon several of the instructions, and the questions thus reserved have been argued with great zeal and earnestness on both sides here.

One of the instructions to which objection was made, as above stated, and to which the most time has been devoted in the argument, was as follows::

"The jury, in a criminal cause, are the judges of the law and the evidence. The jurors are not authorized to make a law for each case, but must decide it according to the law as it is. If the court instruct the jury truly and

fully as to the law, the jurors must be governed by the instructions. If the court does not do this, the jury may disregard the instructions."

The subject-matter of this instruction has, at several times, in some form, engaged the attention of this court, and has been so fully and ·carefully ruled upon, that we find it difficult to add any thing of interest to what has already been said upon it.

In the case of *Williams* v. *The State*, 10 Ind. 503, upon a review of the authorities, including some previous decisions of this court, it was, in legal effect, held, that, at common law, the jury were, in criminal cases, the exclusive judges of the evidence, but were bound to believe the law to be as the court instructed them it was; but that the constitution of 1851, art. 1, sec. 19, had so changed the rule, that the jury are now the exclusive judges of the law as well as the evidence; that, while the court is still required, in criminal cases, to charge the jury as to " all matters of law which are necessary for their information in giving their verdict," 2 R. S. 1876, p. 417, sec. 113, yet that the authority of the court in thus charging the jury is advisory only, and does not deprive the jury of their right, under the constitution, to determine the law as applicable to the case which they are empanelled to try.

In the case of *Daily* v. *The State*, 10 Ind. 536, this court also held, that, under our present state constitution, juries have the right, in criminal cases, to determine the facts proved, and the law arising upon those facts, independently of instructions from the court, subject only to such revisory power as the court has conferred upon it, to grant new trials in certain cases where the defendant is convicted, and to thus require a jury to again determine the law as well as the facts, upon another trial.

These cases were substantially followed and approved in the more recent case of *McCarthy* v. *The State*, 56 Ind. 203,

and the rules of construction which they enunciate are still recognized by this court as of binding authority, in similar cases.

In the light of these authorities, it seems to us quite evident, that it would be erroneous to charge the jury in any criminal case, that they " must be governed by the instructions," however true and full as to the law such instructions may be.

It seems to us equally evident, that it would be erroneous to charge the jury, that, if the instructions did not truly and fully inform them as to the law, they might disregard such instructions, because of the implication that would follow, that the jury would not be allowed to disregard such instructions if they gave the law correctly.

It is unquestionably the duty of the jury to give careful and respectful consideration to the instructions of the court, in every criminal cause, and not to disregard such instructions, except for some sufficient reason addressing itself to their judgment; yet, when the time for their ultimate decision upon the merits of the cause is reached, they have the right to determine, for themselves, the law as well as the facts by which their verdict shall be governed. We can not escape this conclusion without disregarding what is to us a plain provision of the constitution, and overruling a well settled line of decisions in this court, construing that constitutional provision.

As to the reasons which led to the adoption of this provision, see *Daily* v. *The State, supra.*

Applying the rules laid down as above to the instruction before us, it can not be fairly sustained. It did not correctly define the relations which exist between the court and the jury, on the trial of a criminal cause, and was, we think, calculated to confuse and mislead the jury as to the extent and character of those relations.

As the judgment must at all events be reversed for the

reasons already given, we will not consider the other objections urged by counsel for the appellant to the proceedings below.

The judgment is reversed, and the cause remanded for a new trial. The clerk will issue the proper notice for the appellant's return to the sheriff of Fountain county.