No. 10,430.

## KEISER *v.* THE STATE.

CRIMINAL LAW.—*Constitutional Law.*—*Instructions.*—*Jury.*—*Decisions of Supreme Court.*—The decisions of the Supreme Court are entitled to the

highest respect from a jury, but in criminal cases the 19th section of the Bill of Rights makes the jury the ultimate judges of the law as well as of the facts, and it is therefore error to instruct that they must be *governed* by the decisions of the Supreme Court. ELLIOTT, J., dissents.

From the Henry Circuit Court.

*D. W. Chambers* and *J. S. Hedges,* for appellant.

*D. P. Baldwin,* Attorney General, and *L. P. Newby,* Prosecuting Attorney, for the State.

WORDEN, C. J.—This was a prosecution for retailing intoxicating liquor without license. Conviction.

The court charged the jury, among other things, as follows:

"Gentlemen of the jury—The law makes you the exclusive judges of the law and the evidence in this cause. But the fact that you are made the judges of what the law is does not authorize you to make or invent law; you must determine what the law is, and be governed by the law as it is, without regard to your opinions as to the justice or injustice of the law. The law requires the court to charge you what the law is, as an aid to you in determining what the law is. The counsel are also permitted to read law to you, and discuss the law for the same purpose. The decisions of the Supreme Court are law until overruled, and you can not disregard the decisions of the Supreme Court. It is your duty to determine what that court has decided upon the subject under consideration, and be governed thereby. You have the power to construe the decisions of the Supreme Court."

It is urged that that part of the above charge which informed the jury that it was their duty to determine what the Supreme Court had decided upon the subject under consideration, *and be governed thereby,* was erroneous, and we are of that opinion.

The fundamental law of the State governs this matter. The 19th section of the Bill of Rights provides, that, "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." This is an explicit and un-

equivocal provision, giving the jury the right to determine the law as well as the facts in all criminal cases whatever.

The Supreme Court, to be sure, is the ultimate tribunal for the determination of questions of law arising under the constitution and laws of the State, whose decisions are binding on the inferior courts, and entitled to the highest respect from juries in the trial of criminal causes. But if such juries, conscientiously believing the law to be otherwise, may not follow their convictions, but are bound, as an absolute duty, to be governed by the decisions of the Supreme Court, then the constitutional provision is a dead letter.

The charge of the judge trying criminal causes, as to the law, is entitled to great respect from the jury, yet they have the constitutional right to determine the law for themselves, though they might determine it to be otherwise than as expounded by the court. The decisions of the Supreme Court are no more binding upon juries in such cases than the charge of the judge trying the cause. Both may well aid the jury in determining the law applicable to the case, but neither source of information is legally binding upon them, if they choose to determine the law for themselves. If the jury convict contrary to law, the courts have ample power to correct the wrong by setting aside the verdict; if they acquit contrary to law, there is no mode of correcting the error.

This question is not a new one in this State, and our conclusion is supported by the following, among other authorities: *Lynch* v. *State,* 9 Ind. 541; *Williams* v. *State,* 10 Ind. 503; *Daily* v. *State,* 10 Ind. 536.

The judgment below is reversed, and the cause remanded for a new trial.

Note.—Elliott, J., dissents.