No. 10,811.

## NUZUM v. THE STATE.

CRIMINAL LAW.—*Intoxicating Liquor.— Sale to Minor.—Evidence.—Contradictory Statements.*—In a criminal prosecution for selling intoxicating liquor unlawfully, the defendant, as a witness, testified that the sale was of Catawba cider, which looked like beer, but was milder and not intoxicating, denying also that he had said at a former trial that it also tasted like beer.

*Held*, that it was competent for the State to prove that he testified on the former trial that it both looked and tasted like beer.

SAME.—*Instructions.*—Instructions of the court to the jury in a criminal case are merely advisory and not absolutely obligatory.

SAME.—*Conduct of Judge.—New Trial.*—The statement of the judge, in ruling upon a question of the admissibility of evidence as to the nature of Catawba wine, as a reason for his decision, that "It may be another name for lager beer, for all I know," is not cause for a new trial.

SAME.—*Misconduct of Counsel.— Jury.*—The summoning and consequent presence of ladies, members of a temperance society, as witnesses on the trial of a cause for unlawfully selling intoxicating liquor, is not misconduct of the prosecuting attorney, which can be presumed to have improperly influenced the jury.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellant.

*F. T. Hord,* Attorney General, and *L. P. Newby,* Prosecuting Attorney, for the State.

NIBLACK, C. J.—This was a prosecution against William L. Nuzum, the appellant, for selling intoxicating liquor to one Martin Dolan, Jr., a person under the age of twenty-one years. It was commenced by the filing of an affidavit before a justice of the peace, where the cause was first tried. An appeal to and trial in the circuit court resulted in a verdict finding the appellant guilty as charged, the assessment of a fine against him in the sum of $20, and a judgment on the verdict. It is claimed here that the court, for several reasons, ought to have granted a new trial in the cause. The first reason urged is that it was not sufficiently made to appear that the beverage sold to Dolan was an intoxicating liquor. In that respect

Nuzum v. The State.

the evidence was conflicting; the question being whether the beverage was an intoxicating quality of beer or a non-intoxicant called Catawba cider. There was evidence which justified the jury in inferring that the commodity purchased by Dolan was beer of the quality indicated. Under such circumstances no pretext is afforded us for expressing any opinion as to the apparent weight of the evidence as to the character of the beverage. The appellant testified that it was Catawba cider which he sold to Dolan, and that, while that kind of cider looked like beer, it was much more mild and not intoxicating, at the same time denying that he had said at the trial before the justice that Catawba cider also tasted like beer. Witnesses for the State were permitted to contradict the appellant as respects his testimony before the justice, and to state that at the trial before that officer he swore that Catawba cider both looked and tasted like beer.

The appellant complains that the admission of this contradictory evidence was erroneous, as it related to a merely collateral question, and tended only to create a prejudice against his cause in the minds of the jury.

This objection can not be sustained. The character and qualities of the article sold to Dolan by the appellant was a material question at the trial, and as to that the appellant testified directly and positively. It was clearly competent, therefore, for the State to introduce evidence of different statements by the appellant on other occasions.

The court instructed the jury that "It is the duty of the court to instruct you in the law, but his instructions are advisory only, and you may disregard his instructions and determine the law for yourselves."

It is insisted that this instruction did not correctly state the relations which exist between the court and jury in the trial of a criminal offence, and was, for that reason, erroneous.

Under our present Constitution juries in criminal cases are required to determine the law, as well as the facts, in each

particular case. The instructions which the court may give in a criminal cause can not, therefore, in the nature of things, be more than advisory in their influence upon the ultimate judgment of the jury, both as to the law and the ultimate facts involved at the trial. *McDonald* v. *State*, 63 Ind. 544; *Keiser* v. *State*, 83 Ind. 234; *Fowler* v. *State*, 85 Ind. 538.

We are unable to see that the appellant has any just ground of objection to the instruction set out as above.

Several ladies belonging to a temperance organization were summoned as witnesses on behalf of the State, and it was charged at the trial, and is reiterated in argument here, that these ladies were summoned by the prosecuting attorney for the purpose of unduly influencing the jury by their presence as well as their testimony, against the appellant, and that in that respect the prosecuting attorney was guilty of misconduct at the trial prejudicial to the appellant. In the first place, it was not shown that the prosecuting attorney caused or procured these ladies to be summoned as witnesses or to be brought into court in any other capacity. In the next place, it was not made to appear affirmatively that they were present in court for any unlawful or improper purpose.

Their presence was at most a mere matter for comment before the jury, and can not be presumed to have exercised any undue influence upon the verdict rendered in the cause.

In ruling upon a question of evidence in connection with the inquiry as to what kind of a liquid Catawba cider is, the court remarked, "It may be another name for lager beer, for all I know." The appellant assumes that this remark implied a sneer at, and a disparagement of, his defence in the presence of the jury, and in this way inflicted upon him an injury for which he became entitled to a new trial.

Considering the remark in question, in the connection in which it was made, we do not attach the importance to it which is claimed for it by the appellant. It seems to have been made as a reason for a ruling, and considered in that light, at a

distance from the scene of the trial, we do not feel justified in inferring that the appellant was injured by it. If the manner in which it was made was objectionable, as the appellant intimates, that constituted an impalpable incident of the trial which could not be brought into the record, and which, consequently, can not be reviewed here.

The judgment is affirmed, with costs.