No. 12,616.

TAYLOR ET AL. *v.* GARNETT.

NEW TRIAL.—*Misconduct of Jury.—Impeachment of Verdict.—Affidavits of Jurors.*—The affidavits of jurors, to the effect that during their deliberations, while the credibility of a witness was under consideration, another juror stated, in the hearing of the jury, that he had known the witness for a long time; that he was a sober, industrious and truthful man; that he believed he was an honest man, and would not swear to a lie, etc., can not be received in support of a motion for a new trial based upon alleged misconduct of the jury.

SAME.—*Statement of General Rule.*—The general rule, in the absence of statutory modification, is, that affidavits or other sworn statements of jurors will not be received upon a motion for a new trial, for the purpose of impeaching their verdict, by showing error or mistake in respect to the merits, or their own misconduct or that of their fellows, or that the misconduct of others affected their verdict.

From the Elkhart Circuit Court.

*J. H. Baker* and *F. E. Baker*, for appellants.
*R. M. Johnson* and *E. G. Herr*, for appellee.

ZOLLARS, J.—Appellants purchased from appellee his interest in a brush factory, including the outstanding claims for goods sold.   They claim that he made fraudulent misrepresentations as to the amount of such claims, and that they have suffered loss by reason thereof.

They brought this action to recover damages.   Upon the trial of the cause, it was material for the jury to ascertain and determine what representations, if any, were made by appellee in relation to such outstanding claims.   Upon that question, the testimony of appellants and appellee is at variance.

The testimony of a witness, Simmons, was offered in corroboration of the testimony of appellee, as to what representations were made by him.   There was no attempt to impeach the witness generally, but it is claimed that his testimony was weakened, and that he was, in a measure, impeached, in that his statements as to the place where the negotiations between appellants and appellee occurred were contradicted by the testimony of appellee and other witnesses, etc.

One of the causes assigned for a new trial by appellants is the alleged misconduct of the jury.   In support of that cause in the motion, appellants offered the affidavits of several of the jurors, to the effect that during the deliberations of the jury, while the credibility of Simmons was under consideration, another of the jurors stated in the hearing of the jury, that he had known Simmons ever since he came to Goshen; that he was a sober, industrious and truthful man; that he believed he would not swear to what was not true; that there was not a preacher in Goshen he would sooner believe, and that he had always considered Simmons to be an honest man.

Can such affidavits of jurors be received to impeach and

overthrow their verdict? That is the question for decision. Appellants' counsel maintain that they may be so received.

Their position, briefly stated, is, that in support of a motion for a new trial based upon the alleged misconduct of the jury, the affidavits of jurors may be received as to all matters lying outside of the personal consciousness of the individual juror; that while the affidavit of a juror will not be received to show the impressions, thoughts, motives, understanding, influence, course of reasoning, or other matters resting alone in the mind of the juror, which led him to assent to a verdict for the purpose of impeaching that verdict, yet his affidavit may properly be received for the purpose of overthrowing a verdict to which he has assented, if it relates to overt acts, matters of sight and hearing, because, as to such matters, the affidavit may be contradicted by the affidavits of the other jurors, if untrue.

In support of that position they cite us to the cases of *Crawford* v. *State,* 2 Yerg. (Tenn.) 60; *Hudson* v. *State,* 9 Yerg. (Tenn.) 408; *Wright* v. *Illinois, etc., Tel. Co.,* 20 Iowa 195; *Cowles* v. *Chicago, etc., R. R. Co.,* 32 Iowa, 515; *Perry* v. *Bailey,* 12 Kan. 539.

The cases cited support the position of appellants' counsel. And while there is plausibility and force in the reasoning of counsel and of the courts which rendered the decisions in the above cases, we are not convinced that this court should now follow those cases and depart from the general rule sanctioned by the courts of England, by this court heretofore, and, so far as we are advised, by the highest courts of all the States where there are not special statutes, with the exception of the States from which the above cases are cited. There are special statutes in Arkansas, Texas and California, permitting testimony of jurors to be introduced on a motion for a new trial, to show that the verdict was made by lot, etc. Those statutes, however, being in derogation of the common law, have been strictly construed, at least in

California. *Turner* v. *Tuolumne Co. Water Co.*, 25 Cal. 397; Thompson and Merriam Juries, section 454. Formerly, the code of Iowa contained a provision that in applications for new trials the affidavits of jurors might be taken and used in relation to such applications. That provision was omitted from subsequent revisions, and was not in force when the cases cited from that State were decided; but it is not entirely certain that the cases decided when it was in force, and with reference to it, did not have some influence with the court in the rendition of the later decisions.

In Baylies on New Trials and Appeals, at p. 543, citing many authorities in support of the text, the general rule, in the absence of statutes, is stated as follows: " Affidavits of jurors will not be received upon a motion for a new trial for the purpose of impeaching their verdict, by showing error or mistake in respect to the merits, or by showing their own misconduct, or that of their fellows, or by showing that the misconduct of others affected their verdict."

In Thompson and Merriam on Juries, at section 440, it is. said : " Upon grounds of public policy, the courts have almost universally agreed upon the rule that no affidavit, deposition, or other sworn statement of a juror will be received to impeach the verdict, to explain it, to show on what grounds it was rendered, * * * or that they agreed on their verdict by average, or by lot. * * * It has been attempted to show, by evidence of this kind, * * * that the foreman of the jury, after they had retired, had gone from the jury-room, in order to learn from persons not of the jury, the amount of damages which ought to be found in order to carry costs; that the jurors making the affidavit were influenced in their verdict by information given by one of the jurors in the jury-room. * * * But in these and other like cases the courts have steadily refused to listen to such affidavits." A large number of cases sustaining the several propositions are cited in the foot-notes, among which are cases decided by this court.

Our cases fully sustain the general doctrine . above stated, and extend it to overt acts on the part of jurors.

In the case of *Drummond* v. *Leslie,* 5 Blackf. 453, an affidavit of a person other than a juror was produced, to the effect that he had heard the jurors say that in arriving· at the verdict, the several amounts proposed by each juror were added together, and the sum divided by twelve, the number of jurors. BLACKFORD, J., said : " The affidavit was inadmissible. The affidavits of the jurors themselves of their misconduct, are not admitted to impeach their verdict ; *Dana* v. *Tucker,* 4 Johns. 487 ; *a fortiori,* an affidavit of a stranger, of their statements on the subject when not under oath, ought not to be received." See, to the same effect, *Dunn* v. *Hall,* 8 Blackf. 32 ; *Haun* v. *Wilson,* 28 Ind. 296 ; *Bennett* v. *State,* 3 Ind. 167.

In the case of *Hughes* v. *Listner,* 23 Ind. 396, in support of a motion for a new trial, an affidavit of a juror was offered, in which he stated that the bailiff in charge told the jury that unless they agreed upon a verdict before the adjournment on that day (Saturday), they would be compelled to remain until the meeting of the court on the following Tuesday, and that to avoid the confinement, and not upon the merits of the controversy, he agreed to a verdict.    It was held that the affidavit should not be received.

In the case of *Stanley* v. *Sutherland,* 54 Ind. 339 (355), the defendant Stanley asked that the verdict be set aside upon his affidavit, in which he swore that when the jury retired, they stood nine for the defendant and three for the plaintiff ; that the three jurymen who were for the plaintiff, to induce the other nine to return a verdict for the plaintiff, assured them that they knew of their personal knowledge that the defendant Stanley was only a nominal party to the suit ; that the real controversy was between the plaintiff and Kellogg & Co., of Chicago, a wealthy firm, worth $200,000 or more ; that the defendant Stanley would not have to pay any judgment that the plaintiff might recover against him ; that the

plaintiff was a poor man and neighbor, and that it was only upon the aforesaid assurance and misconduct of the three jurymen who were from the first for the plaintiff, that the other nine consented to return a verdict for the plaintiff against the defendant, etc. WORDEN, C. J., delivering the opinion of the court, said : " If the information came to him (the affiant) * * from some of the jurymen, it could not be received, for it has long been settled in this State that the affidavits of jurors can not be received to impeach their verdict; much less could their statements be received at second-hand. The affidavit may have been true, as the affiant believed, and yet the information may have been derived from some of the jurors, whose affidavits could not have been received." See, also, *Jones* v. *State*, 89 Ind. 82 ; *Long* v. *State*, 95 Ind. 481.

Upon the general subject, see *Withers* v. *Fiscus*, 40 Ind. 131 (13 Am. R. 283) ; *McCray* v. *Stewart*, 16 Ind. 377 ; *Ward* v. *State*, 8 Blackf. 101 ; *Barlow* v. *State*, 2 Blackf. 114.

It will thus be seen, that under the ruling of this court in the cases cited, the affidavits of the jurors offered in the court below in support of the motion for a new trial can not be received to overthrow the verdict.

It would be a tedious and unnecessary task to cite the numerous cases declaring the general rule as we have stated it, and as declared by our cases. As especially applicable to the case before us, and as against the position of appellants' counsel, we cite *The People* v. *Doyell*, 48 Cal. 85 ; *Den* v. *McAllister*, 7 N. J. Law, 46 ; *Purinton* v. *Humphreys*, 6 Greenl. (Maine) 379 ; *Amsby* v. *Dickhouse*, 4 Cal. 102 ; Hayne New Trial and Appeal, section 73 ; *Folsom* v. *Manchester*, 11 Cush. 334 ; *Price* v. *Warren*, 1 Hen. & Mun. (Va.) 385.

The grounds upon which affidavits of jurors to impeach their verdict should be rejected have usually been stated as follows: 1st. Because they would tend to defeat their own solemn acts under oath. 2d. Because their admission would open the door to tamper with jurymen after they had given

Taylor *et al. v.* Garnett.

their verdict. 3d. Because they would be the means in the hands of dissatisfied jurors to destroy a verdict at any time after they had assented to it. 3 Graham and Waterman New Trials, p. 1428.

Jurors are sworn in each case to render a verdict according to the law and the evidence. If they were allowed to overthrow their verdict by their affidavits, that after their retirement for deliberation one of their number made statements bearing upon the merits of the case, or the credibility of witnesses, upon which they acted, they would thus stultify themselves and overthrow what they had done when acting under a solemn oath to render a verdict according to the evidence as they might receive it from the witnesses.

The other reasons upon which such affidavits are rejected may, to a greater or less extent, be applied to a case like that before us.

Without extending this opinion to enlarge upon the reasons which require the rejection of such affidavits, and the evils that would result in the administration of justice from a contrary rule, we feel constrained to adhere to our former rulings, and to follow the rule established by the decided weight of authority.

It must be held, therefore, that the affidavits of the jurors offered below were not sufficient to establish the misconduct of the jury charged in the motion for a new trial.

The judgment is affirmed, with costs.

MITCHELL, J., did not participate in the decision of this case.

Filed April 5, 1887.