Filed May 29, 1891.

---

No. 150.

THE STATE v. TROVE.

CRIMINAL LAW.—*Instructions.*—In a criminal action, where there is no evidence, or none upon a particular point, upon which a conviction could be based, the court has a right to say so, and direct the jury to find the defendant not guilty.

SAME.—For evidence held insufficient to sustain a charge of obstructing a public highway, see opinion.

From the Porter Circuit Court.

*C. N. Morton*, Prosecuting Attorney, *W. H. Dowdell* and *N. J. Bozarth*, for the State.

*E. D. Crumpacker*, for appellee.

ROBINSON, J.—The appellee was arrested and tried before a justice of the peace upon an affidavit charging him with obstructing a public highway. The trial before the justice resulted in finding appellee guilty and assessing his fine at $5 and costs. Appellee appealed to the Porter Circuit Court. In the circuit court the case was tried by a jury, and after all the evidence had been heard the counsel for the appellee moved the court to direct the jury to find in favor of the appellee, and the court, over the objections and exceptions of the State, instructed the jury as follows, which were all the instructions given to the jury in the case, to wit:

" Gentlemen of the Jury—Having examined the law with reference to the evidence in this case, the court is of the opinion that the evidence does not prove the defendant guilty beyond a reasonable doubt. I, therefore, direct you to return a verdict for the defendant.

" Let one of your number sign this verdict as foreman."

And thereupon the jury returned into court a verdict finding the appellee not guilty. Judgment was rendered upon the verdict and the appellee was discharged.

This appeal is prosecuted by the prosecuting attorney under section 1882, R. S. 1881.

The evidence is in the record.

Under the assignment of errors it is alleged that the court erred in giving said instruction to the jury. It is also alleged that the court erred in refusing to admit certain evidence on the trial of the cause offered on the part of the State, and in sustaining appellee's objection to said evidence, and in permitting appellee to introduce certain evidence on the trial of said cause.

Our attention is first directed to the alleged error in the court in giving the instruction we have heretofore set out, to the jury.

The appellee has not favored us with a brief of the views entertained of the questions raised in the record.

The appellants assail this alleged error in the trial court on the ground that the giving of this instruction was an invasion of the province of the jury, who alone, in criminal cases, have the right to determine the law and the evidence. While this position is assumed with much confidence, although the evidence is in the record, no claim is made that there was any evidence in the case that would have justified a conviction of the appellee.

It is not necessary, in this case, to enter into a discussion as to the propriety, or impropriety, of the instruction as applied to criminal procedure in general, nor to decide as to the discretion the court may exercise in cases where it is apparent the evidence would not warrant a conviction.

The jury being the judges of the law and the facts in criminal cases, the instructions of the court are merely advisory, and not obligatory. *Nuzum* v. *State,* 88 Ind. 599 ; *McDonald* v. *State,* 63 Ind. 544; *Keiser* v. *State,* 83 Ind. 234; *Fowler* v. *State,* 85 Ind. 538.

In the case of *State* v. *Banks*, 48 Ind. 197, the court instructed the jury, under the facts, to return a verdict of not guilty. It is said by the Supreme Court, in affirmance of that case, that "A court in charging a jury has no right to 'assume the guilt of the accused, or that a fact has or has not been proved, or to express any opinion or manifest a leaning upon evidence which should be submitted to the jury ; but when there is no evidence, or none upon a particular point, upon which a conviction could be based, the court has a right to say so, and direct the jury to find the defendant not guilty." This statement of the law is directly in point in the case at bar, because there were no facts proven in this case which could have warranted a conviction.

The evidence wholly failed to show that the alleged highway claimed to have been obstructed, had been established by law, or that the general public, under claim of right, and not by permission of the owner, used the same without interruption, or substantial change, for a period of twenty years, or more ; or that there was an actual intention on the part of the owners to dedicate the land to the public ; or that there had been any acceptance by the public of the land claimed to have been dedicated. In fact the evidence failed to show any of the elements essential and required to establish a highway by prescription, or dedication, it not having been established by law.

This case, in many of the facts, comes directly within the decision of the case of *Shellhouse* v. *State*, 110 Ind. 509.

We have carefully examined the questions raised as to error in the court in admitting certain evidence, and in refusing to admit certain evidence, and do not find any error committed by the court in the rulings upon the evidence. There is no error in the case for which it should be reversed. It is, therefore, affirmed.

CRUMPACKER, J., having been of counsel, was absent.

Filed May 29, 1891.