STATE *v.* PRESTON E. COX.

*(November 13, 1935.)*

REINHARDT, J., sitting.

*Robert H. Richards, Jr.,* Deputy Attorney-General, and *William H. Bennethum* for the State.

*H. Albert Young* for the defendant.

Court of General Sessions for New Castle County, No. 114, September Term, 1935.

REINHARDT, J., in sustaining the objection of the State, said:

Yesterday afternoon, in the course of this trial, evidence was offered concerning the general reputation for chastity of the prosecuting witness, and the case of *Short v. State,* 4 *Harr.* 568, was cited as an authority for the admission of such evidence on behalf of the defendant. The State objected to the admission of that evidence, and cited a long line of cases in various States, all holding that such evidence is not admissible. In view of these decisions, the State urged that *Short v. State* should be disregarded.

In 2 *Jones on Evidence,* 1226, the author says: "No attention need be directed to those cases which have held it relevant to prove the bad reputation of the prosecutrix for chastity in such an action. They have been overwhelmed by the weight of the rule that such testimony is absolutely inadmissible.   *   *   *   but with regard to her unchastity, or reputation in that regard, the authorities, except for the early cases first referred to, are unanimous in holding that such evidence is irrelevant."

In the somewhat limited time at my disposal, I have examined many of these authorities, and they support the text. The case of *Short v. State* stands almost alone, there being only two or three cases from Kentucky and Tennessee which tend to hold such evidence as to general reputation of the prosecutrix admissible.

In 2 *Encyclopedia of Evidence*, 247, the following language is used:

"The weight of authority declares that the character of the complainant for chastity is not in issue, and that evidence in regard to it is inadmissible."

In *Underhill on Evidence, paragraph* 803, the following statement is, also, made:

"The general rule is that reputation of the prosecutrix is irrelevant. The responsibility of the accused, for the support of the bastard, depends upon its paternity, not upon the good or bad reputation of the mother." See, also, 7 *C. J.* 989.

The court is now asked to disregard the decision of *Short v. State.*

In the case of *State v. Wiggins*, 7 *Penn.* 127, 76 *A.* 632, 634, this court was asked to take similar action, and to disregard an earlier decision found in *State v. Thawley, 4 Harr.* 562. The court said:

"Reluctant as we always are to depart from a former decision of this court, we are constrained, in view of the great weight of authority and the sound principle of evidence opposed to the ruling in *State v. Thawley* [4 *Harr.* 562], to disregard that ruling."

In the instant case, I am compelled, in view of the great weight of authority opposed to the ruling in *Short v. State,* to disregard that ruling, and to hold that the general reputation of the prosecutrix, in a case where the paternity of

a child is involved, is not an issue for the jury, and testimony concerning such general reputation is not admissible.

The objection of the State is sustained.