POSEY AND MICHAEL *v.* STATE OF INDIANA.

[No. 29,292. Filed January 6, 1956.]

*Edward J. Morrison* and *Joseph S. Thompson,* of Columbus, for appellants.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellants were charged by affidavit with the crime of rape and were convicted, after a jury trial, of the lesser included offense of assault and battery with intent to commit a felony.

Error is assigned on this appeal upon the denial of appellants' motion for a new trial, setting up the statutory ground, "That the jury had received and considered evidence, papers, and documents not authorized by the court." Other alleged grounds for a new trial were set forth in appellants' motion, attempting to raise substantially the same question, but as they are not in the form authorized by statute, they will not be considered on appeal. Ewbank's Indiana Criminal Law (2d ed.) §672. *Denny* v. *State* (1921), 190 Ind. 76, 129 N. E. 308; *Cosilito* v. *State* (1926), 197 Ind. 419, 151 N. E. 129.

Appellants buttress their motion for a new trial with the affidavit of their attorney, setting forth the cause was submitted to the jury for decision at 11:30 A.M.; that the jury deliberated until approximately 10:20 P.M., when it reached a verdict; that the following day at 3:00 P.M. said affiant-attorney was told by the foreman of the jury: "We never would have reached a verdict if it had not been for the criminal law books in the jury room," that "they were a big help to him" and the rest of the jury in arriving at their decision; that he "read to the jury the penalties, included in the lesser offenses." Said affiant-attorney further says he immediately went to the Courthouse and communicated these matters to the trial judge, and affiant-attorney and said judge went to the jury room where the jury had deliberated, and found Vol. 1 of Burns' Indiana Statutes, 1926 Edition, open at the page having reference to the crime of rape; that in said book, between various pages, were book marks and playing cards inserted as book marks, at the appropriate places for assault and battery with intent to commit a felony, assault and battery, and assault, and the statute regarding lesser included offenses; that the trial judge then

removed the law books from the jury room, and upon inquiry was told by the bailiff they had been in the jury room as long as he had been bailiff, which was approximately seven (7) years.

The State of Indiana filed counter affidavit of the prosecuting attorney and supporting affidavit of the jury foreman, admitting the jury did have Vols. 1 and 2 of Burns' 1926 Statutes without authorization of the court, but denying that appellants were prejudiced, as these were official compilations of the law about which the jury had been previously instructed in open court. The jury foreman's affidavit admitted the statutes were present and had been looked at by the jury in the jury room, but denied the statement of appellants' attorney that he had said the books "were a big help to him and the jury and that the verdict would not have been reached . . . but for the books"; that said statutes had no more effect on the jury, than the written instructions of the court defining the crimes would have had, if they had been present in the jury room.

In the trial of criminal causes in Indiana, it has been ▉ stated that the jury are the judges of the law, as well as the facts.

See: *Lynch* v. *The State* (1857), 9 Ind. 541; *Williams* v. *The State* (1858), 10 Ind. 503; *McDonald* v. *The State* (1878), 63 Ind. 544; Art. 1, §19, Constitution of Indiana.

This section of the Constitution, however, giving the ▉ jury in criminal cases, the right to determine the law and the facts, does not take away from the court the right to advise the jury as to the law applicable. *Scherer* v. *State* (1919), 188 Ind. 14, 121 N. E. 369.

The propriety of the use of law books by jurors in the jury room during their deliberations has been before

this court and has been considered on a number of previous occasions.

In *Newkirk* v. *The State* (1866), 27 Ind. 1, the jury obtained and used a copy of Bishop's Criminal Law, which is a general treatise on the common law of crime, and this was held to be reversible error.

In *Jones* v. *State* (1883), 89 Ind. 82, 87, the jury, during their deliberations had possession of Vol. 71 of the Ind. Reports in which was reported the previous appeal of said cause to the Supreme Court. Such volume contained a recital of the evidence on the former trial, competent and incompetent, and its consideration by the jury in the jury room was held to be such misconduct as warranted a new trial.

*Mulreed* v. *State* (1886), 107 Ind. 62, 66, 7 N. E. 884, involved the alleged taking to the jury room, and consideration by the jury, of an annotated copy of the Revised Statutes of 1881. The court's opinion indicates this was not reversible error and says:

> ". . . it would seem to us that as the jury are authorized by our fundamental law, in all criminal cases whatever, to determine the law as well as the facts, it could hardly be regarded as an available or reversible error, if any error at all, for the trial court to permit the jury, in any criminal cause, to read in their retirement the statute defining the offense for which the defendant is prosecuted in such case. The 'annotations' complained of are merely references to decided cases, and could afford the jury no possible information, and could do the defendant no possible harm in the absence of the books referred to."

In *McClanahan* v. *State* (1954), 233 Ind. 365, 118 N. E. 2d 434, the foreman obtained from the bailiff, at the jury's request, a book containing the statute defining the offense with which the accused was charged, and read it to members of the jury. The court's opinion

states no showing was made that accused was harmed in any manner, and that the verdict was authorized under the facts and the law.

An analysis of the Indiana authorities shows a clear distinction between the facts appearing in the Newkirk and Jones cases on the one hand, and the Mulreed and McClanahan cases on the other. In the former cases the matter before the jury in their deliberations, to wit: a general treatise on crimes at common law and a reported decision of this court reciting incompetent evidence on a former appeal, would have been clearly incompetent for the jury's consideration upon the trial in open court. Certainly an accused can complain, if a jury is allowed in the privacy of its deliberations, to consider incompetent matter which could not properly be introduced at the trial.

The latter cases involved, however, only the jury's access in the jury room to the annotated statutes defining the crimes with which the accused were charged. Instructions setting forth such statutes quite properly could have been, and doubtless were, read to the jury on the trials of such causes.

In the case before us, appellants' attorney's affidavit that the jury foreman stated the volumes of Indiana statutes influenced the jury in arriving at its verdict, was contradicted by the affidavit of such foreman to the opposite effect. In fact, the foreman's affidavit averred the books had no more effect on the jury than the instructions of the court defining the crimes would have had if left in the jury room. However, this matter is inconsequential as it is well settled that a juror's affidavit cannot be used to impeach the verdict; much less could a juror's unsworn statement be received at second hand for such purpose. A juror's affidavit is always competent, on the contrary,

to sustain the verdict. *Jones* v. *State,* supra; *Withers et al.* v. *Fiscus* (1872), 40 Ind. 131; *Stanley* v. *Sutherland et al. Administrators* (1876), 54 Ind. 339; *Taylor et al.* v. *Garnett* (1887), 110 Ind. 287, 11 N. E. 309.

Appellants have brought nothing to this court's attention to bring this case outside the Mulreed and McClanahan cases, and as there is no indication appellants were prejudiced by the presence of the statutes in the jury room, we must conclude they were not harmed thereby.

By our refusal to reverse the conviction of appellants in this case we should not be construed to approve the practice of allowing a jury to have access to law books during their deliberations on a verdict. We assume these irregularities have now been corrected by the trial court.

As we are unable to perceive how the appellants have in anywise been harmed by the error assigned, the judgment of the lower court is affirmed.

Judgment affirmed.

Bobbitt, C. J., and Arterburn, Achor and Emmert, JJ., concur.

NOTE.—Reported in 131 N. E. 2d 145.