JAMES F. WATSON, SR., Defendant Below, Appellant, v. THE STATE OF DELAWARE, Plaintiff Below, Appellee.

(*October* 11, 1962)

SOUTHERLAND, C. J., and WOLCOTT and TERRY, J. J., sitting.

*Everett F. Warrington* and *Jackson R. Dunlap, Jr.,* for appellant.

*James C. Sabo* (of Tunnell and Raysor) for appellee.

Supreme Court of the State of Delaware, No. 65, 1961.

SOUTHERLAND, C. J.:

James F. Watson, Sr., appeals from conviction of being the father of an illegitimate child.

Defendant raises four questions touching the rulings of the Court.

1. It is said that the Court erred in disallowing a question in the cross-examination of Amie Mason, the mother of the child. She testified that after she met Watson she told him her past history, how many times she had been married, and about her children. Counsel for defendant asked her:

"Did you have any other child before that born out of wedlock?"

The State objected, and the Court sustained the objection.

This ruling is assailed as error. It is urged that the answer, if affirmative, would have tended to impeach the credibility of the witness.

We think that the Court was right. In a bastardy case the general reputation of the mother for unchastity is irrelevant. *State v. Cox*, 7 W. W. Harr. (37 Del.) 238, 181 A. 654. The issue in a bastardy case is paternity, and such testimony is wholly irrelevant. Indeed, a charge of bastardy is based on the mother's unchastity. For the same reason specific acts of prior unchastity, at times remote from conception, or other illegitimate births, are not admissible. 3 *Wigmore Evidence* (3rd Ed.) § 979; *Jones v. State*, 132 Md. 142, 103 A. 459. The exception stated by Wigmore—the case of a sex offense—is not applicable. Bastardy is not a "sex offense" within the meaning of the exception.

It is also said that defendant's right of cross-examination was unduly limited. A reading of the 42 typewritten pages of cross-examination shows that the Court was very patient with counsel. This objection appears to be the same as that already discussed, cast in another form.

2. Defendant complains of the rejection of proffered testimony. Defendant called as a witness George H. Broadbent to prove that Amie Mason had married Broadbent while still married to Mason. It was urged that if she was

still a married woman, she would have to prove non-access of the husband.

A long colloquy between Court and counsel followed, ended by the production of a certified decree of divorce of Kenneth Mason from Amie Mason. The Court "in the light of that" sustained the objection to the proffered testimony.

This ruling is obviously correct; but it is said that counsel also offered to prove by Broadbent that Mason had represented to him that she was pregnant "as the cause for him to marry her." It is difficult to follow counsel's argument in support of the admissibility of this testimony, but it seems to be that the proof would tend to show "the state of mind" of Mason as disposed to make false charges. *People v. Hurlbert,* 166 Cal. App. 2d 334, 333 P. 2d 82, 75 A. L. R. 2d 500, is cited. As appears from the annotation in the A. L. R. report, testimony of this sort is allowed by some courts in cases of "sex offenses." As we have already pointed out, bastardy is not a sex offense within the meaning of the rule.

3. Defendant claims error in the refusal of the Court to grant a motion for a new trial on the ground of the misconduct of some of the jurors. The allegations of misconduct are contained in affidavits of the defendant, his wife, and his son-in-law setting forth conversations with certain of the jurors which, it is claimed, show impropriety in arriving at the verdict. The Court applied the general rule that a juror may not impeach his verdict, and denied the motion. The Delaware cases sustain this holding. *State v. Harmon,* 4 Pennewill 58, 60 A. 866; *Spahn v. Peoples Rwy. Co.,* 3 Boyce 302, 83 A. 27, 92 A. 727.

In this case, moreover, the proffered affidavits do not rise above hearsay. If a juror's own affidavit impeaching his verdict may not be received, much less can a hearsay statement be given any effect. *Posey v. State,* 234 Ind. 696, 131 N. E. 2d 145, 54 A. L. R. 2d 706.

■■ 4. Defendant also moved for a new trial on the ground of after-discovered evidence. This motion was addressed to the discretion of the Court, and defendant does not apparently charge any abuse of discretion. In any event, the motion was properly denied. The substance of the evidence was another attempt to show the prior unchastity of the mother at times remote from the time of conception of the child here involved. It proved nothing to the point.

We find no error, and the judgment is affirmed.