**Richard F. MASSEY,
Defendant-Appellant,**

v.

**STATE of Delaware, Plaintiff-Appellee.**

Supreme Court of Delaware.

Submitted: June 30, 1986.
Decided: Aug. 1, 1986.

Lawrence J. Connell (argued), Delaware Law School Post-Conviction Relief Clinic, Wilmington, for defendant-appellant.

Loren C. Meyers (argued), Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HORSEY, MOORE and WALSH, JJ.

In this, defendant's second postconviction relief proceeding, defendant appeals from Superior Court's denial in January, 1986 of his motion for new trial. Defendant asserts that juror "misconduct" in the course of his trial in 1978 deprived him of his right to a fair trial.

Defendant (along with Robert J. Martin, Jr.) was tried and convicted in 1978 of murder in the first degree, robbery in the second degree and other related crimes; and on direct appeal, defendant's convictions were affirmed by this Court. *Martin v. State*, Del.Supr., 433 A.2d 1025 (1981).

Defendant seeks a new trial for incompetency of a juror who states in an affidavit filed in 1980 that he was under the influence of drugs and alcohol during portions, if not throughout, the 1978 trial.

At the outset of a 1981 evidentiary hearing before Superior Court on defendant's earlier motion for postconviction relief, the State announced: that if the juror testified consistently with his affidavit, the juror would subject himself to prosecution on drug and other charges, including possibly perjury; and that it would not offer the

juror immunity from prosecution. However, the State also suggested that the juror retain counsel to advise him of his rights and of his privilege against self-incrimination. The State also took the position that prosecution of the juror was not time-barred by the applicable statute(s) of limitations.

After consulting with counsel, the juror, on the advice of counsel, refused to testify on Fifth Amendment grounds.

Defendant moved the Court to compel the State to grant the juror immunity from prosecution; and Superior Court denied the application.

At defendant's request, Superior Court then submitted written interrogatories about the complaining juror's conduct during trial to all of the jurors who could then be located, except complainant. Eleven of the fifteen jurors (including four alternates) filed written responses and one of them also had a telephone conversation with the Judge concerning her additional personal contact with and knowledge of the complaining juror.

On the basis of those responses, Superior Court, by letter dated June 8, 1982, found there to be no evidence (disregarding the complaining juror's affidavit) that any of the jurors had acted in a manner "to suggest that he or she was abusing alcohol and/or drugs at any time during the course of the trial"; and thereafter the Court denied defendant's motion for a new trial. The Court ruled the evidence presented was insufficient to establish that the juror was so incapacitated as to taint the jury and deny defendant a fair trial.

On appeal to this Court, defendant raised but one issue: that Superior Court had erred in refusing to compel the State to grant witness immunity to the juror; and this Court, by Order dated October 24, 1983, affirmed, finding no error of law on the issue raised.

Defendant then sought habeas corpus relief in the federal courts; and the United States District Court for Delaware in 1985 dismissed defendant's petition for failure of defendant to exhaust his state remedies. The District Court declined to hear defendant's multiple claims, including denial of due process, compulsory process and right to fair trial for failure of defendant to assert such claims in any postconviction hearing in a Delaware state court.

Defendant, without the benefit of counsel, returned to Superior Court and filed his current application for postconviction relief. While defendant apparently reiterated his denial of due process and fair trial claims asserted in Federal Court, Superior Court construed defendant's principal assertion to be: that the State had unlawfully intimidated the complaining juror against testifying and that the State had thereby prevented defendant from establishing the juror's incompetence.

Superior Court again denied defendant's motion for a new trial. It did so on the narrow ground that defendant had not established state-induced "intimidation" of the juror as a prospective witness. The Court expressly so limited its ruling and declined to consider defendant's remaining contentions by letter opinion of January 6, 1986.

Defendant, through newly-retained counsel, then docketed this appeal. Defendant now contends that his rights to a fair trial, compulsory process and due process in postconviction relief proceedings were violated. He attributes this denial either to state action effectively silencing the juror or to the Court's failure to hold an evidentiary hearing on the issue of jury taint and permit the complaining juror to be heard.

Defendant contends that Superior Court may not, without an evidentiary hearing, including the complaining juror as a witness, fairly determine whether the jury was tainted.

The State denies any state conduct intimidating the juror or violative of either compulsory process or due process. The State asserts that the juror declined to testify of his own free will and on the advice of his attorney. The State also asserts multiple

evidentiary and policy grounds for severely limiting a juror's effort to impeach a verdict; and the State submits that the "overwhelming" contrary evidence of the eleven other jurors' discovery response leaves no reasonable likelihood that an evidentiary hearing would lead to a different result.

▪ We find no merit to defendant's contention that the state's prosecutorial conduct with respect to the complaining juror, as outlined above, constituted impermissible state conduct in violation of defendant's fundamental rights to due process or to compulsory process. *Cf. Commonwealth v. DiGiacomo*, 463 Pa. 449, 345 A.2d 605 (1975); *Vaughn v. United States*, D.C. App., 364 A.2d 1187 (1976); *compare Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), and *United States v. Morrison*, 3d.Cir., 535 F.2d 223 (1976); *see also Commonwealth v. Allen*, 501 Pa. 525, 462 A.2d 624 (1983); *United States ex rel. Tatman v. Anderson*, D.Del., 391 F.Supp. 68 (1975). Nor do we find the record to establish that the juror's refusal to testify in fact resulted from state action. Therefore, we affirm Superior Court's ruling on the state action issue as supported by substantial evidence and correct as a matter of law.

However, the lack of state-induced intimidation is not dispositive of the appeal; nor is our standard of review confined to whether the Superior Court abused its discretion in denying defendant's motion for a new trial. The immediate question is whether the case should be remanded for an evidentiary hearing on defendant's effort to impeach the verdict due to the asserted incompetence of the complaining juror, as revealed in the affidavits.

▪ On the record before us, we are not persuaded that the issue of jury taint can be fairly determined without Superior Court holding an evidentiary hearing and considering the testimony of the complaining juror, as well as that of the other available jurors. In its decision of June 8, 1982, Superior Court appears to have given no consideration to the complaining juror's affidavit. The black letter law that a juror may not impeach his own verdict, if ever a flat prohibition, *Watson v. State*, Del.Supr., 184 A.2d 780 (1962), has been supplanted by D.R.E. 606(b).* *See Government of Virgin Islands v. Gereau*, 3d Cir., 523 F.2d 140, 148 (1975); *McDonald v. Pless*, 238 U.S. 264, 267, 35 S.Ct. 783, 784, 59 L.Ed. 1300 (1915).

The State now concedes that the statute of limitations would bar the complaining juror from being prosecuted for testifying concerning his asserted use of drugs during the 1978 trial of defendant. Hence, there would now appear to be no impediment to the taking of the juror's testimony, subject to the constraints of D.R.E. 606(b). Justice requires that Superior Court grant defendant at least the limited relief of an evidentiary hearing on the question of the complaining juror's asserted incompetency at trial as a basis for impeaching the verdict against defendant. Therefore, in the interest of justice, we conclude that the case should be remanded to Superior Court for an evidentiary hearing.

\* \* \* \* \* \*

**REVERSED and REMANDED** to Superior Court for further proceedings consistent herewith.

---

\* Rule 606(b) of the Delaware Uniform Rules of Evidence states:

**(b) Inquiry Into Validity Of Verdict Or Indictment.**

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental process in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.