Richard MASSEY, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 11, 1988.
Decided: April 28, 1988.

Upon appeal from Superior Court. Affirmed.

Lawrence J. Connell, Delaware Law School Postconviction Relief Clinic, Wilmington, for appellant.

Timothy J. Donovan, Jr., Deputy Atty. Gen., Wilmington, for appellee.

Before HORSEY, MOORE, and WALSH, JJ.

HORSEY, Justice:

This postconviction relief appeal concerns an effort to impeach a jury verdict for alleged juror misconduct more than nine years after the verdict was rendered. The alleged misconduct involves one juror's purported use of alcohol and drugs during the course of defendant's murder trial. After several postconviction relief motions and appeals, the Superior Court held an evidentiary hearing on the issue. Finding insufficient evidence of juror misconduct to

impeach defendant's verdict, the Court denied defendant relief and defendant appealed. The issues on appeal are: (1) the appropriate burden of proof for a defendant to successfully challenge a jury verdict based on juror misconduct; and (2) whether defendant met that burden. We hold that to impeach a verdict based on juror misconduct, a defendant must establish actual prejudice unless defendant can show that the circumstances surrounding the misconduct were so egregious and inherently prejudicial so as to support a presumption of prejudice to defendant. We find that this defendant has failed to meet that burden; therefore, we affirm.

I

In June 1978, defendant was convicted by jury of murder in the first degree, robbery in the second degree, and other related crimes. Defendant's convictions were affirmed by this Court on direct appeal. *Martin v. State*, Del.Supr., 433 A.2d 1025 (1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982). In April 1981, defendant, invoking Superior Court Criminal Rules 33 and 35(a), moved Superior Court for a new trial. He alleged that during the trial one of the jurors was under the influence of drugs and alcohol.[1]

When an evidentiary hearing was granted defendant, the complaining juror then invoked his Fifth Amendment right against self-incrimination and refused to testify.[2] The Superior Court then denied defendant's request that the juror be granted immunity. However, the Court permitted the other jurors to be deposed by written interrogatories regarding the complaining juror's behavior during trial. On the basis of the juror's responses, the Superior Court found no evidence of juror misconduct and denied defendant's first motion for a new trial; this Court affirmed that decision. *State v.*

*Massey*, Del.Super., No. I-77-11-0985-0992, O'Hara, J. (July 22, 1982), *aff'd sub nom. Martin v. State*, Del.Supr., No. 269, 1982, Horsey, J. (Oct. 24, 1983) (ORDER).

Defendant then sought habeas corpus relief in the United States District Court for the District of Delaware. The District Court dismissed the petition for failure to exhaust state remedies. *Massey v. Redman*, C.A. No. 84-655, Longobardi, J. (March 1985).

Defendant then filed a second State application for postconviction relief asserting the same juror misconduct claim but raising a new issue—that the State had intimidated the complaining juror with threats of prosecution, causing the juror not to testify. The Superior Court denied the motion, defendant appealed, and we affirmed the Superior Court's finding that the State had not intimidated the complaining juror into not testifying. However, by then, the statute of limitations had run for the State to prosecute the juror. Therefore, we remanded with instructions that the Court should hold an evidentiary hearing "on the question of the complaining juror's asserted incompetency at trial as a basis for impeaching the verdict against defendant." *Massey v. State*, Del.Supr., 514 A.2d 402, 404 (1986).

At the evidentiary hearing, the Superior Court admitted the deposition testimony of nine jurors (excluding the complaining juror) concerning defendant's claim of drug and alcohol use during defendant's trial. None of the deposed jurors could recall any incidents during the trial that would indicate that the complaining juror was under the influence of drugs or alcohol. The chief prosecutor's testimony at the hearing corroborated the jurors' testimony.

Defendant's witnesses included the complaining juror, his mother, and the juror's

---

**1.** Defendant became aware of this alleged juror misconduct when the complaining juror, two years after defendant's trial, told the attorney who represented defendant at trial that he had used alcohol, marijuana, and methamphetamines during the three weeks of trial. The complaining juror then executed an affidavit outlining his physical and mental condition during and after trial.

**2.** The State had warned the juror that should he testify according to his affidavit, he would be subject to prosecution on drug, official misconduct, and other charges. With the advice of his attorney, the complaining juror decided not to testify.

drug counselor.[3] The complaining juror testified contrary to the other jurors. He stated that during the trial he smoked marijuana in the morning before going to the courthouse; drank two to three beers during the luncheon recess; drank two six-packs of beer each night; customarily used methamphetamines on the weekends during that time; and shared a case of beer with the other jurors during the deliberations when the jury was sequestered overnight at a local hotel. The juror's mother generally supported her son's testimony that he suffered from a substance abuse problem, but she was unable to recall the nature and extent of his specific abuse that occurred during the trial. The complaining juror's drug counselor could testify of his own knowledge only as to the juror's substance abuse problems the year following the trial. Although the drug counselor had not, prior to the hearing, questioned the complaining juror about his use of drugs and alcohol during defendant's trial, the witness opined, after hearing the complaining juror's testimony, that his "capabilities to serve as a juror would [have been] seriously impaired" at defendant's trial.

At the conclusion of the evidence, the Trial Judge asked the parties for their views on the controlling burden of proof. Both agreed that the defendant had the initial burden of proof. However, defendant argued that his burden was limited to establishing a "reasonable probability" of the complaining juror's impairment during trial. The consequence of finding a reasonable probability of impairment, defendant argued, was that the substance abusing juror was necessarily incompetent and incapable of hearing what was going on at trial, evaluating the merits of the case, and forming a judgment as to defendant's guilt or innocence. Hence, defendant argued, he was deprived of his right to an impartial jury.

The State disagreed. It argued that the defendant had a two-tiered burden: (i) to present evidence supporting a reasonable probability of juror impairment sufficient to warrant an evidentiary hearing on the subject; and (ii) if an evidentiary hearing were granted, to prevail, defendant must then prove, by a preponderance of the evidence, actual impairment sufficient to render the juror incapable of rational conduct.

On the evidence presented at the evidentiary hearing and with no written memoranda of law from counsel, the Trial Court, in a bench ruling, denied defendant's motion for a new trial. Without deciding the burden of proof issue, the Court ruled that even under defendant's proffered standard of reasonable probability of impairment, the defendant had not met his burden. The Court stated, "One can look in vain throughout this record ... to find any corroboration other than [the complaining juror's] own statement that the drug use that he claims he was engaging in existed."

The following day, defense counsel asked the Court to reconsider its decision in light of *Wiser v. People*, Colo.Supr., 732 P.2d 1139 (1987), and holding of the majority opinion that a defendant need only show a "reasonable possibility" that extraneous influence affected the jury's verdict. Again, the Trial Court avoided ruling on the burden of proof issue. While declining to adopt the *Wiser* standard, the Court stated that even under the least restrictive *Wiser* standard, the defendant did not meet his burden.

On appeal, defendant, without any discussion of Delaware law, urges this Court to adopt the *Wiser* standard of reasonable possibility of juror impairment through drug or alcohol use. Defendant does so assuming that the Delaware courts have never spoken on the subject. The assumption is unwarranted, as the most cursory search of Delaware case law discloses.

## II

■ It is established law in Delaware that juror bias will not be tolerated. *See*

---

3. The counselor did not know the complaining juror during the time of defendant's trial. He first met the juror eight months after the trial when the complaining juror's mother committed the juror to the Delaware State Hospital in January 1979. The counselor counselled the juror on an out-patient basis until November 1979, when he admitted the juror to Eugenia Hospital for in-patient drug and alcohol rehabilitation therapy.

*Styler v. State*, Del.Supr., 417 A.2d 948, 951 (1980). A defendant can be denied his Sixth Amendment right to an impartial jury if only one juror is improperly influenced. *See id.* But there is an equally well-established general common law prohibition against impeaching jury verdicts once the jury has been discharged. *See McDonald v. Pless*, 238 U.S. 264, 267, 35 S.Ct. 783, 784, 59 L.Ed. 1300, 1302 (1915); *Sheeran v. State*, Del.Supr., 526 A.2d 886, 894 (1987) (which permits only two exceptions, both codified in our Rules of Evidence). Delaware Rule of Evidence 606(b) permits juror testimony for the purposes of impeaching a verdict in two instances: (1) when "extraneous prejudicial information [is] improperly brought to the jury's attention"; or (2) when "outside influence [is] improperly brought to bear upon any juror." D.R.E. 606(b).[4] Nevertheless, inquiry into the jurors' mental processes remains prohibited. *See id.; Burke v. State*, Del.Supr., 484 A.2d 490, 500 (1984).[5] It is this prohibition of defendant's impeachment effort which falls outside both of the recognized exceptions of D.R.E. 606(b). Further, our standard of review requires us to accord the trial court broad discretion in determining the mode and depth of investigative hearings into allegations of juror misconduct and the appropriate remedy. *See Sheeran*, 526 A.2d at 897. The trial judge's determination will be disturbed only on a finding of abuse of discretion. *Lovett v. State*, Del.Supr., 516 A.2d 455 (1986), *cert denied,* — U.S. ——, 107 S.Ct. 1898, 95 L.Ed.2d 504 (1987); *see also Sheeran*, 526 A.2d at 897; *Burke*, 484 A.2d at 501.

While defendant asserts that the question of a moving party's burden of proof when seeking to impeach a verdict for alleged juror misconduct is one of first impression in Delaware, he is mistaken. We find our decisions in *Hughes v. State*, Del.Supr., 490 A.2d 1034 (1985), and *McCloskey v. State*, Del.Supr., 457 A.2d 332 (1983), to be controlling. In *Hughes*, this Court reversed defendant's conviction for juror bias and remanded for a new trial. The bias resulted from some jurors' having learned before being impanelled that the defendant had previously been tried and convicted for the same crimes and that defendant had submitted to a polygraph examination. We stated that a "defendant is entitled to a new trial only if the error complained of resulted in actual prejudice or so infringed upon defendant's fundamental right to a fair trial as to raise a presumption of prejudice." *Hughes*, 490 A.2d at 1043. Generally, a defendant must prove he was "identifiabl[y] prejudice[d]" by the juror misconduct (*id.* at 1046 (quoting *Estes v. Texas*, 381 U.S. 532, 542, 85 S.Ct. 1628, 1632, 14 L.Ed.2d 543, 550, *reh'g denied*, 382 U.S. 875, 86 S.Ct. 18, 15 L.Ed.2d 118 (1965))), unless the defendant can establish the existence of "egregious circumstances,"—i.e., circumstances that, if true, would be deemed inherently prejudicial so as to raise a presumption of prejudice in favor of defendant. *Id.* at 1046–48. As the rule was stated in *Hughes*, if a defendant can show that there is a reasonable probability of juror taint of an inherently prejudicial nature, a presumption of prejudice should arise that defendant's right to a fair trial has been infringed upon. *Id.*

4. D.R.E. 606(b) provides:
**RULE 606. COMPETENCY OF JUROR AS WITNESS.**

     \*    \*    \*    \*    \*    \*

    **(b) Inquiry into Validity or Verdict or Indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question

whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

5. For a more detailed discussion of the competing policies behind *McDonald v. Pless* and D.R.E. 606(b), see *Sheeran*, 526 A.2d at 894–5.

However, the issue of juror taint in *Hughes* arose pre-trial from the failure of the trial judge to conduct a proper screening of prospective jurors by *voir dire*. *McCloskey* is closer in point to the instant case. There, we found a reasonable probability of juror intimidation by an overbearing forelady during the course of trial sufficient to raise a presumption of prejudice. The Trial Judge, after interrogating the jurors, held private interviews with the forelady and the intimidated juror in the midst of jury deliberations. In our view, this rather unorthodox procedure increased the "likelihood of prejudice based upon perceived privileged or special access." *McCloskey*, 457 A.2d at 338–9 n. 8; *see also Sheeran*, 526 A.2d at 895–6. Contrary to *Hughes*, *McCloskey* does not espouse the threshold distinction between a required showing of actual prejudice and a presumption of prejudice. However, we think that the two decisions may be reconciled by reading the language in *McCloskey*, that the "defendant is not obligated to demonstrate actual prejudice" (457 A.2d at 337), to mean that the circumstances of that case—juror intimidation coupled with private interviews with the trial judge—were so egregious and inherently prejudicial as not to require a showing of actual prejudice but, instead, were presumptively prejudicial to the defendant.

Applying *Hughes* and *McCloskey* to this case, the threshold question is whether *Massey* is a case of egregious circumstances so inherently prejudicial as to raise a presumption of prejudice in defendant's favor. We think not. Juror drug and alcohol use during trial is not comparable to the external influences found egregious by the federal case law followed in *Hughes*. 490 A.2d at 1046. In those cases, the courts could more easily find a reasonable probability of resulting prejudice to the defendant. In our view, juror misconduct based on admitted self-indulgence of alcohol or drugs may not be equated with the external influences at issue in *McCloskey* and *Hughes* of perceived egregious circumstances sufficient to raise a presumption of

prejudice. As we stated in *Hughes*, juror knowledge of a defendant's prior conviction of the very crime for which he is being tried is "so fraught with prejudice that the constitutional due process defect is not cured either by jurors' assurances that they could remain impartial or by the judge's admonition to disregard the knowledge." 490 A.2d at 1046. Juror self-indulgence in drugs does not necessarily equal intoxication and intoxication does not necessarily equal bias against the accused. Therefore, the mere introduction of some evidence of juror ingestion of alcohol or drugs is insufficient to warrant a presumption of prejudicial influence against defendant and, instead, the defendant must prove "identifiable prejudice." *Id.* (quoting *Estes*, 381 U.S. at 542, 85 S.Ct. at 1632, 14 L.Ed.2d at 550).

Our distinctive treatment of a defendant's burden in overcoming a jury verdict for juror misconduct based on juror drug and alcohol use is based, in part, on the Supreme Court's treatment of juror drug and alcohol use in *Tanner v. United States*, 483 U.S. ——, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). In a five-to-four decision, the majority found that Fed.R.Evid. 606(b)[6] precluded jurors from testifying about drug and alcohol use during trial because drug or alcohol use is not an "outside influence" or "extraneous prejudicial information" about which jurors may properly testify. *Id.* at ——, 107 S.Ct. at 2748–50, 97 L.Ed.2d at 106–109; F.R.E. 606(b). The Court held that the District Court did not err in refusing to hold a post-verdict evidentiary hearing on the issue of juror taint based on "the inadmissibility of juror testimony and the clear insufficiency of the nonjuror evidence." *Id.* at ——, 107 S.Ct. at 2751, 97 L.Ed.2d at 111.

Thus, the Supreme Court in *Tanner* declined to find an allegation of juror taint based on juror drug and alcohol use to fall within the category of egregious circumstances deemed inherently prejudicial to the defendant. *See id.* at ——, 107 S.Ct. at 2750, 97 L.Ed.2d at 109 ("even if Rule 606(b) is interpreted to retain the common-

---

6. D.R.E. 606(b) is identical to Fed.R.Evid. 606(b).

law exception allowing post verdict inquiry of juror incompetence in cases of 'substantial if not wholly conclusive evidence of incompetency,' *Dioguardi*, 492 F.2d at 80, the showing made by the petitioners falls far short of this standard").[7] Adopting *Tanner*'s reasoning, we find that the defendant has not met his burden under *Hughes* and *McCloskey.*

Although we find controlling Delaware law on the subject, we briefly address our reasons for rejecting the "reasonable possibility" standard of *Wiser.* Defendant argues that the reasonable possibility standard should be adopted if we are to harmonize our rule with D.R.E. 606(b), which precludes inquiry into a juror's mental processes. He contends that the reasonable possibility standard is an objective test whereas proving actual prejudice or bias is subjective and requires the type of juror inquiry expressly prohibited by D.R.E. 606(b). The Colorado Supreme Court apparently favors its standard as a means of "avoid[ing] the problems arising under [Rule] 606(b) [by] requir[ing] the trial court to determine what effect juror misconduct would have had on a typical jury." *Wiser*, 732 P.2d at 1142. The relevant inquiry, according to the Colorado court, "is whether there is a 'reasonable possibility' that extraneous contact or influence affected the verdict to the detriment of the defendant." *Id.*[8]

This Court has gone through a similar analysis regarding the difficulty, at times, of proving actual prejudice. *See, e.g., Hughes*, 490 A.2d at 1047. We have determined that the inherently prejudicial egregious circumstances test which raises a

presumption of prejudice adequately takes care of the problem under D.R.E. 606(b) of precluding any inquiry into a juror's mental processes. The policy in this state is that unless a defendant can prove a reasonable probability of juror taint due to egregious circumstances that are inherently prejudicial, he will have to prove actual prejudice. *See id.; McCloskey*, 457 A.2d at 337–8; *Sheeran*, 526 A.2d at 896–7. *But cf. Barnes v. Toppin*, Del.Supr., 482 A.2d 749, 753 (1984) (evidence supporting trial court's finding that extraneous matter probably played a role in deliberations).

### III

In view of the record before us and our prior case law precedent, we hold that the Trial Judge did not abuse his discretion in refusing to grant defendant's motion for a new trial based on juror misconduct. Defendant has not met his threshold burden of establishing that juror drug and alcohol use during his trial was an egregious circumstance inherently prejudicial to the verdict which would warrant a presumption of prejudice in his favor. Absent a presumption of prejudice, defendant has also failed to establish that he was actually prejudiced by juror drug and alcohol use.

\* \* \*

Affirmed.

**7.** The *Tanner* decision was set in a procedural posture different from this case. The Supreme Court held that a post-verdict evidentiary hearing on the subject of juror intoxication based on juror testimony was not warranted. Our per curiam opinion in 1986 remanding this case for an evidentiary hearing preceded *Tanner. See Massey v. State*, Del.Supr., 514 A.2d 402 (1986). We note that today we cite to *Tanner* only as persuasive precedent that .the Supreme Court does not deem juror intoxication during trial to be egregious conduct inherently prejudicial to the defendant. We do not comment on whether

we will rely on *Tanner* as persuasive precedent the next time we must decide whether allegations of juror drug and alcohol use warrant an evidentiary hearing.

**8.** We note that the Court in *Wiser*, sitting *en banc*, did not unanimously adopt the reasonable possibility standard. Two of the seven Justices specially concurred in the result, but argued for the adoption of a reasonable probability standard. *See Wiser*, 732 P.2d at 1143–44.