Cindy **ROBINSON**, a/k/a Cindy **Bransfield, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 14, 2008.

Supreme Court of Delaware.

Submitted: June 3, 2008.
Decided: July 10, 2008.

Santino Ceccotti, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Kevin M. Carroll, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

HOLLAND, Justice:

The defendant-appellant, Cindy Robinson, also known as Cindy Bransfield, was found guilty by a Superior Court jury of four counts of Unlawfully Obtaining a Controlled Substance and two counts of Conspiracy in the Second Degree. On the four counts of unlawfully obtaining a controlled substance, she was sentenced to a total of six years of Level V incarceration, to be suspended for a total of one year of concurrent Level II probation. On the two conspiracy counts, she was sentenced to a total of four years at Level V incarceration, to be suspended for a total of one year at Level II probation. This is Robinson's direct appeal.

### Rule 26(c) Brief

■ Robinson's trial counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: first, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

Robinson's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Robinson's counsel informed Robinson of the provisions of Rule 26(c) and provided her with a copy of the motion to withdraw, the accompanying brief and the trial transcript. Robinson also was informed of her right to supplement her attorney's presentation. Robinson responded with a brief that raises several issues for this Court's consideration. The State has responded to the position taken by Robinson's counsel as well as the issues raised by Robinson and has moved to affirm the Superior Court's judgment.

---

1. *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

### Robinson's Contentions

Robinson raises several issues for this Court's consideration, which may fairly be summarized as follows. She claims that first, the original indictment contained improper charges; second, the amended indictment improperly charged both her and her son; third, the Superior Court's pretrial rulings prevented defense counsel from making an opening statement; fourth, there was insufficient evidence presented at trial to support her convictions; fifth, a stipulation of fact was entered into without her consent; sixth, her case was needlessly delayed by the prosecution; and seventh, the jury's deliberations were tainted because one of the jurors had taken notes.

### Facts

The evidence at trial established the following. On October 26, November 4, and November 14, 2006, Raksha Joshi, a pharmacist with Rite Aid Pharmacy in People's Plaza in Newark, Delaware, was presented with prescriptions for controlled substances. Robinson, a nurse practitioner, had signed the prescriptions. The prescriptions were for two individuals named Amanda Spataciono and Stanley Watson. Both Robinson and her son, Patrick, were involved in dropping off the prescriptions and picking up the prescribed medications. While Spataciono did not testify at trial, Watson testified that he never received the medication he had been prescribed. The bottle containing the medication intended for Watson later was recovered from Patrick's bedroom at his residence in Dover, Delaware.

After Robinson dropped off the prescriptions at the Rite Aid in People's Plaza on November 14, the pharmacist became suspicious and contacted the Office of Narcotic and Dangerous Drugs ("ONDD") of the Delaware State Police. After speaking with the ONDD, the pharmacist declined to fill the prescription Robinson had dropped off on November 14.

On November 21, 2006, Michelle Augustine, a pharmacist with Rite Aid in Middletown, Delaware, was presented with a prescription for a controlled substance by a woman fitting Robinson's description. The prescription was for an individual named Elizabeth Culver. Again, Robinson had signed the prescription. Patrick picked up the medicine from the pharmacy. Culver testified at trial that she never received the medication she had been prescribed. The bottle containing the medication intended for Culver later was recovered from Patrick's bedroom.

Patrick testified that, while he never personally signed any of the prescription forms, he, nevertheless, had entered a plea of guilty to forgery in connection with a prescription found at his residence. He also testified that he and his mother had used drugs together on various occasions and that he used the prescriptions written by his mother to support his drug addiction. Ultimately, he checked himself into the Ellendale Detoxification Center in December 2006.

Officer Raymond Hancock of the Delaware State Police ONDD testified that Robinson was arrested on December 13, 2006 in connection with the Culver prescription. While Robinson initially acknowledged that she had signed the prescription, she later stated that she could not ascertain whether it was her signature or not. Officer Hancock also testified that he conducted a search of Patrick's residence on December 18, 2006 and found prescription pads, patient files and prescription bottles. Patrick was arrested later that day.

### Initial Indictment

■ Robinson's first claim is that the original indictment contained improper

charges. Specifically, she contends that she was erroneously charged with fraudulent use of an expired Delaware controlled substance registration number. The record reflects that those charges were dismissed by the State during the course of trial, thereby foreclosing any claim of prejudice. Moreover, because any objections to the form of an indictment are waived unless they are made prior to trial,[2] we conclude that Robinson's first claim is without merit.

### Amended Indictment

■ Robinson's second claim is that the amended indictment erroneously charged both her and her son Patrick, even though she was the sole defendant being tried and Patrick appeared as a witness for the State. Superior Court Criminal Rule 8(b) provides that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." As such, the State could properly charge both Robinson and her son. Moreover, because any objections to the form of an indictment are waived unless they are made prior to trial,[3] Robinson's second claim is without merit.

### Opening Statement Waived

■ Robinson's third claim is that the Superior Court improperly prevented defense counsel from referring to her federal Drug Enforcement Agency ("DEA") li-cense during opening statements on the ground of relevancy. Specifically, Robinson contends that her counsel should have been able to argue that she had a valid DEA license, presumably to support an argument that she had authority, under federal law, to write the prescriptions at issue in the case. As a result of the judge's ruling, Robinson argues, her counsel was forced to waive his opening statement. The Superior Court has wide discretion to rule on issues of relevancy.[4] We conclude that its ruling in this case was a proper exercise of its discretion. Moreover, the record reflects that Robinson's counsel made a tactical decision to waive his opening statement. To the extent that Robinson claims ineffective assistance by her counsel on that ground, we decline to consider any such claim for the first time in Robinson's direct appeal.[5]

### Evidence Sufficient

■ Robinson's fourth claim is that there was insufficient evidence presented at trial to support her convictions. On a claim of insufficiency of the evidence, the relevant inquiry is whether, considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[6] In making this inquiry, the court does not distinguish between direct and circumstantial evidence.[7] In this case, there was ample evidence supporting Robinson's convictions of unlawfully obtaining a controlled substance and second-degree con-

2. Super. Ct.Crim. R. 12(b)(2).

3. *Id.*

4. *Hicks v. State,* 913 A.2d 1189, 1196 (Del. 2006).

5. *Desmond v. State,* 654 A.2d 821, 829 (Del. 1994).

6. *Dixon v. State,* 567 A.2d 854, 857 (Del. 1989).

7. *Skinner v. State,* 575 A.2d 1108, 1121 (Del. 1990).

spiracy.[8] We, therefore, conclude that this claim is without merit.

### Stipulation Accurate

 Robinson's fifth claim is that a stipulation of fact was entered into without her consent. She contends that she only agreed to admit that, as of June 30, 2005, the ONDD refused to renew her controlled substance authority. However, because that is essentially what the stipulation states,[9] we conclude that there is no factual support for this claim. Therefore, it is without merit. To the extent that Robinson claims ineffective assistance by her counsel in connection with the stipulation, we will not consider that claim for the first time in her direct appeal.[10]

### Alleged Delay Unsubstantiated

Robinson sixth claim is that her case was unnecessarily delayed by the State. Robinson offers no factual support for her claim of delay. Therefore, we conclude that it is without merit. To the extent that she claims ineffective assistance by her counsel by failing to file a motion to dismiss on the basis of delay by the prosecution, we will not consider that claim for the first time in her direct appeal.[11]

### Jury Deliberations

 Robinson's final claim is that the jury's deliberations were tainted because one of the jurors had taken notes. The record reflects that, before deliberations began, one of the jurors told the bailiff that he had written down some notes at home over the weekend. The bailiff asked the juror if he had shared the notes with the other jurors and he said he had not. The bailiff then confiscated the juror's notebook and told the judge what had happened. The judge determined, because the juror had not shared the notebook with the other jurors and the notebook had been confiscated prior to deliberations, that no contamination of the jury had occurred. There is no evidence that the jury was tainted by the notebook. Therefore, the record reflects no abuse of discretion on the part of the Superior Court in resolving the situation as it did.[12] Accordingly, we conclude that Robinson's final claim is without merit.

### Conclusion

This Court has reviewed the record carefully and has concluded that Robinson's appeal is wholly without merit and devoid of any arguably appealable issues. We also are satisfied that Robinson's counsel has made a conscientious effort to examine the record and the law and has properly determined that Robinson could not raise a meritorious claim in this appeal.

The State's motion to affirm is granted. The judgments of the Superior Court are affirmed. The motion to withdraw is moot.

---

8. Del.Code Ann. tit. 16, § 4756(a)(3); Del. Code Ann. tit. 11, § 512(1).

9. The stipulation states, "As of July 1st, 2005, defendant Cindy Bransfield['s] controlled substance registration number was expired. As such, as of July 1st, 2005, the defendant Cindy Bransfield was not permitted by law to prescribe controlled substances."

10. *Desmond v. State*, 654 A.2d at 829.

11. *Id.*

12. *Massey v. State*, 541 A.2d 1254, 1257 (Del. 1988).