## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1210013321 |
| | ) | |
| | ) | |
| OTIS PHILLIPS | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 29, 2019
Decided: October 1, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S AMENDED MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Andrew J. Vella, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Benjamin S. Gifford IV, Esquire, Wilmington, Delaware, counsel for Otis Phillips.

**MAYER,** Commissioner

1

This 1st day of October, 2019, upon consideration of Defendant's Amended Motion for Postconviction Relief, and the record in this matter, the following is my Report and Recommendation:

## BACKGROUND AND PROCEDURAL HISTORY

In November of 2014, after a joint capital trial with his co-defendant, Otis Phillips ("Defendant") was found guilty of Murder in the First Degree, Murder in the Second Degree, Manslaughter, Gang Participation, Conspiracy in the First Degree, five (5) counts of Possession of a Firearm During the Commission of a Felony, Assault Third Degree, Assault Second Degree and Reckless Endangering.[1] Subsequently, the Court conducted a four-day penalty hearing with the same jury presiding. Defendant appealed his conviction and on January 17, 2017, the Supreme Court issued a decision affirming the conviction but remanding the matter for Defendant to be re-sentenced to life imprisonment in lieu of capital punishment.[2]

On March 6, 2017, Defendant filed his first Motion for Postconviction Relief.[3] The Court appointed counsel to represent Defendant and an Amended Motion for

---

[1] A recitation of the facts giving rise to the conviction was set forth in detail in the Supreme Court's appellate decision and only the facts relevant to the present decision making are summarized herein.

[2] The mandate was filed on February 7, 2017, *See* D.I. # 195.

[3] D.I. # 196.

2

Postconviction Relief (the "Motion") was filed.[4] The Court now has before it an Affidavit from Trial Counsel, the State's Response in opposition, and Defendant's Reply.[5] Briefing is complete and for the reasons that follow, I recommend that the Motion be denied.

## SUMMARY OF ARGUMENT

Although the Motion presents a singular claim for relief, Defendant's argument includes multiple layers of alleged constitutional violations. In basic terms, Defendant argues trial counsel were ineffective for failing to request a mistrial after certain juror actions, with the result being that Defendant was deprived of the opportunity to have his case effectively tried by a jury of twelve. The bases for the claims pre-supposes the lack of a twelve person jury as a result of two juror notes submitted to the Court.

The first note was from Juror Number 10 asking "to be removed from this process which I do not interpret as facilitating justice" (the "First Note"). The Court conferred with trial counsel about the First Note but ultimately elected not to talk to Juror Number 10 or the jury about the note.

The second note arrived an hour later from the jury and read:

> We are not able to productively discuss the case due to the
> fact that one juror... claims to have not collected any of

---

[4] D.I. # 223.

[5] D.I. #s 227, 230, 231.

the evidence presented from day 1. She was told not to form an "opinion" from the start and has interpreted that to mean that she should not be taking in information, putting it in perspective, and apply deductive reasoning to determine whether the events occurred as the State presents.

She is upsetting all of the other jurors.

(hereinafter the "Second Note" and collectively with the First Note, the "Notes").

The Court again conferred with trial counsel regarding the Second Note. Leaving any speculation aside, the record reflects that neither the Court, nor counsel, fully understood the meaning of the Second Note. After hearing from the parties, the Court responded to the jury as follows:

> Good Morning, Ladies and Gentlemen. In response to the note I received, please refer to the jury instructions on how to conduct deliberations. Delaware law does not permit the substitution of any juror once deliberations begin. Thank you.

Defendant now argues that trial counsel were ineffective for failing to move for a mistrial. Defendant's argument rests on the premise that despite the divergent interpretations of the Notes, the only "reasonable conclusion" that can be drawn is that Juror Number 10 "paid no attention" to the case and had not collected evidence since the first day of trial.[6] And, that being the case, Defendant's constitutional right

---

[6] *See* Motion at pp. 24-25.

4

to a jury of twelve was jeopardized requiring a mistrial. If that motion had failed, Defendant believes trial counsel should have "requested that the trial court conduct an inquiry into the meaning of the note to ascertain whether Juror Number 10 had paid attention to the evidence presented..." Finally, Defendant argues that he can demonstrate prejudice because if a mistrial had been requested, there is a reasonable probability that it would have been granted.

According to the Affidavit from former trial counsel:

> When it became apparent that a member of the Jury was not satisfied with the process rather than asking for a mistrial it was determined that Phillips would be better off with a Juror who would possibly be unable to render a verdict of guilty. It was perceived that Juror 10 was that Juror. After discussion with Phillips, a strategic decision to leave her on the jury was made.

The State's Response urges the Court to deny the Motion as procedurally barred because the ineffective assistance of counsel claim is too closely related to an argument regarding the Notes that was resolved on appeal.

## LEGAL ANALYSIS

The Court must first determine whether there are any procedural bars to the motion before considering the merits of the claims.[7] This is Defendant's first motion

---

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

5

under Superior Court Criminal Rule 61 and it was timely filed.[8]  Superior Court

Criminal Rule 61(i)(3) does not bar the claim because ineffective assistance of

counsel claims cannot be raised at any earlier stage in the proceedings and are

properly presented by way of a motion for postconviction relief.[9]  The fact that

counsel did not raise an argument or objection during the trial, or on appeal, does

not bar a defendant from alleging that counsel's failure amounted to ineffective

assistance.[10]

Arguably though, Defendant's claim is barred by Superior Court Criminal

Rule 61(i)(4) as formerly adjudicated.  A defendant may not attempt to re-litigate

already adjudicated issues by simply re-phrasing the argument as one of ineffective

assistance of counsel.[11]  On appeal, Defendant argued the trial court erred in its

response to the Notes.  However, the Supreme Court disagreed and held that "the

trial judge properly exercised his discretion by providing the jury with an instruction

---

[8] Defendant's first motion, having been filed within one year of the Supreme Court's Mandate on direct appeal, is timely.  Super. Ct. Crim. R. 61(m)(2) and Super. Ct. Crim. R. 61(i)(1).

[9] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[10] *See Malloy v. State*, 2011 WL 1135107, at *2 (Del. Mar. 28, 2011); *Brodie v. State*, 2011 WL 927673, at *1 (Del. Super. Mar. 17, 2011); *State v. Ross*, 2004 WL 2735515, at *2 (Del. Super. Nov. 22, 2004).

[11] *See Skinner v. State*, 607 A.2d 1170, 1172-1173 (Del. 1992) (barring ineffective assistance of counsel claim when appeal substantively resolved the claim); *Outten v. State*, 720 A.2d 547, 555 (Del. 1998) (finding rejection of claims on direct appeal precluded defendant from establishing prejudice by his counsel's failure to move for severance).

6

that was an accurate statement of the law and that was not coercive."[12] Defendant may not pursue the same theory simply by arguing his trial counsel erred by failing to move for a mistrial in response to the Notes.[13]

Even assuming the claim is not a re-hashing of the same legal theory, Defendant's argument fails to satisfy the dual test for relief. In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness **and** the deficiencies in counsel's representation caused the defendant actual prejudice.[14] When reviewing such a claim, the Court must analyze counsel's conduct based upon all of the facts of the case and avoid peering through the lens of hindsight.[15] Defendant must show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[16] "A defense attorney may not be faulted for a reasonable

---

[12] *Phillips v. State*, 154 A.3d 1130, 1145 (Del. 2017) (hereinafter "*Phillips*").

[13] Defendant does not argue any exceptions to the procedural bar are applicable to his claims. Defendant does not argue that the court lacked jurisdiction, the existence of new evidence demonstrating that he is actually innocent of the acts giving rise to the conviction, nor does he argue that a new rule of constitutional law applies to render his conviction invalid. Super. Ct. Crim. R. 61(i), (5) and (d)(2)(i)-(ii).

[14] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[15] *State v. Wright*, 653 A.2d 288, 295 (Del. Super. 1994).

[16] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super. May 23, 2012).

miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[17] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[18] Further, in order to prevail on an ineffective assistance of counsel claim, a defendant must show that but for the errors, there is a reasonable probability that the outcome of the proceedings would have been different.[19] In doing so, Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[20] If the claim may be disposed of on the ground of lack of sufficient prejudice, the court need not determine whether counsel's performance was deficient.[21]

Trial counsels' alleged error did not deprive him of "counsel" pursuant to the Sixth Amendment. Rather, trial counsels' strategic choice to not seek a mistrial was reasonable. Defendant argues that there is no speculation involved and the note "definitively" stated the juror failed to collect evidence and pay attention throughout

---

[17] *State v. Finn*, at *4 (holding defense counsel provided active and capable advocacy when evidence against Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S. Ct. 770, 787-792 (2011)).

[18] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super. Feb. 26, 2013).

[19] *Strickland*, 466 U.S. at 687-88, 694; *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[20] *State v. Wright*, 653 A.2d at 293-94 (citations omitted).

[21] *Strickland*, 466 U.S. at 697.

trial. However, the transcript demonstrates that the Court and counsel all had different theories, or did not specifically understand what the Notes meant. Defendant's implication that trial counsel should have asked, and the trial court should have agreed, to investigate the juror's actions, is also without merit. Trial counsel made a tactical decision to avoid singling out the juror with the hope that she would impede the jury's ability to reach a unanimous verdict. The Court will not second-guess trial counsel's strategic decision, after consulting with Defendant, to allow Juror Number 10 to remain on the jury. If trial counsel's strategy had been fruitful, the jury would have been unable to reach a unanimous verdict and the Court would have declared a mistrial. A defendant is not entitled to a "flawless strategist or tactician" and great deference is given to trial counsel strategy.[22] In reviewing trial counsel's conduct at the time of their performance, the chosen strategy did not deprive Defendant of meaningful representation.

Defendant has also failed to establish a reasonable probability that a motion for a mistrial would have been granted. There was a recognizable alternative to the remedy of a mistrial – the instruction.[23] The instruction did not suggest that Juror Number 10, or any juror, take a particular course of action for the mere sake of

---

[22] *See State v. Finn*, at *4.

[23] *See Justice v. State*, 947 A.2d 1097, 1100 (Del. 2008) (citing *Guy v. State*, 913 A.2d 558, 565 (Del. 2006)) (providing that a mistrial is only appropriate if there is no meaningful or practical alternate remedy or the ends of public justice would otherwise be defeated).

reaching a verdict.[24] "Juries are presumed to follow the court's instructions."[25] In this instance, the jury re-convened and reached a unanimous decision. Therefore, Defendant likewise cannot establish that there is a reasonable probability that the outcome would have been different.[26]

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief, should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:    Prothonotary
       Anthony A. Figliola, Esquire
       Michael C. Heyden, Esquire

---

[24] *Phillips*, 154 A.3d at 1145.

[25] *Phillips*, 154 A.3d at 1138, citing *Revel v. State*, 956 A.2d 23, 27 (Del. 2008).

[26] The Court may not inquire into a juror's mental processes. However, the court may find a presumption of prejudice if "a defendant can prove a reasonable probability of juror taint due to egregious circumstances that are inherently prejudicial." *Claudio v. State*, 585 A.2d 1278, 1303 (Del. 1991), citing *Massey v. State*, 541 A.2d 1254, 1259 (Del. 1988). The possibility that a juror did not absorb every piece of evidence over the course of the trial, is not the type of egregious circumstances to demand a mistrial as a matter of right.